UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Maria Spanoudis, et al.,
    Plaintiffs,
    V.                                CASE NUMBER: 98-1155 (HL)
Conti-Lines S.A. (Colsa Line), et al.,
    Defendants.

## MOTION

Date Filed: 2/4/00    Docket #14    [x] Plffs [] Defts
Title: Motion to Show Cause Against Dismissal for Failure to Serve Process
Opp'n Filed:    Docket #

## ORDER

    In response to this Court's order to show cause of January 27, 2000, Dkt. No. 13, Plaintiffs filed the present motion. In the motion, Plaintiffs attempt to explain why this case should not be dismissed for failure timely to serve process. They argue that because they are attempting to serve process on a corporation outside the United States, Fed. R. Civ. P. 4(m)'s 120-day rule does not apply to them. While, this is fully supported by the text of Fed. R. Civ. P. 4(m), this argument fails to show cause why this case should not be dismissed for failure timely to serve process.

    The mere fact that the 120-day rule does not apply to service of process in a foreign country does not mean that the Court is powerless to enforce reasonable time constraints for the service of process after the filing of the complaint. Cases can not be allowed to sit in limbo on the Court's docket in perpetuity. The law is clear that even though the 120-day rule does not apply to service of process in a foreign country, "courts nevertheless have the power dismiss a case for failure to effect service of process within a *reasonable* time." *Southold Development Corp. v. Mittemyer*, 148 B.R. 726, 730 (E.D.N.Y. 1992) (emphasis added).

    Plaintiffs cite *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991), *cert. denied* 502 U.S. 1073 (1991), for the proposition that there is no time limitation on service of process in a foreign country. This Court agrees with the Seventh Circuit that "[i]f the *Lucas* court is also implying that there can be no sanction for failure to serve a defendant in a foreign country, that is an implication which we find suspect." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 2000 WL 36934, 4, – F.3d – (7th Cir. 2000). This Court also agrees with the Third Circuit's holding that "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992). Here, there exists no reasonable prospect of service. The complaint in this case was filed on February 17, 1998. Two years have passed without service of process.

    Wherefore, this case is hereby dismissed without prejudice. Judgment shall be entered accordingly.

Date 2-8-00    HECTOR M. LAFFITTE
                                      Chief U.S. District Judge